Rockingham, }
  Oct. 6, 1903. }

### AHEARN *v.* CONNELL & *a.*

'Certain evidence deemed sufficient to warrant the finding that an attaching creditor and the sheriff by whom the process was served acted maliciously in seizing and withholding property which they knew, or had reasonable ground to believe, was exempted from attachment.

Damages may be recovered for mental suffering occasioned by a malicious attachment of exempted property.

In an action to recover for the malicious attachment of exempted property, evidence that the sheriff, when accused of wrongdoing, stated that he held a bond of indemnity, is competent as tending to connect the creditor with the unlawful transaction, and as showing a disposition on the part of the officer to disregard the debtor's rights.

CASE. The declaration contained (1) a count in trover, alleging a malicious attachment and conversion of household goods which were exempt, thereby causing the plaintiff mental and physical suffering, and (2) a count in trespass, alleging a malicious attachment of the plaintiff's household furniture, cooking utensils, and wearing apparel, all of which were exempt from attachment. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1902, of the superior court by *Pike,* J.

While the plaintiff was testifying, and after she had detailed the circumstances under which the attachment was made, the defendants objected to the introduction of evidence showing consequential damages, on the ground that it was immaterial because malice on the part of the defendants had not been shown. The plaintiff was allowed to proceed with her testimony respecting such damages, subject to exception.

The defendants requested the court to instruct the jury that there was no evidence to justify them in finding (1) that the plaintiff's personal liberty was wrongfully interfered with, or that she was maliciously detained, (2) that either of the defendants was responsible for the plaintiff's exposure to the weather, (3) that the defendants were responsible for the lack of heat in the plaintiff's house or the consequences resulting therefrom, or (4) that either of the defendants acted maliciously in respect of the attachment of the furniture. They also requested instructions that no damages could be awarded for the condition of the plaintiff due to exposure at the time of the attachment, and that the fact that the sheriff had a bond of indemnity was not to be considered in determining the guilt of either of the defendants. The requests were denied, and the defendants excepted.

*Page & Bartlett*, for the plaintiff.

*John W. Kelley* and *John S. H. Frink*, for the defendants.

BINGHAM, J. 1. The jury have found that the defendants acted maliciously in attaching the plaintiff's property, and the question arises whether there was evidence warranting the finding. As to the defendant Connell, it is conceded that such a conclusion could legally be reached; but as to the sheriff who made the attachment, the contention is that he simply performed his duty as an officer, and at most committed an error of judgment.

We cannot accede to this view. There was evidence that both defendants knew, or had reasonable ground for believing, that the property was exempt from attachment, and that they acted maliciously in seizing and withholding it from the plaintiff. It appears that the plaintiff, with her four children, was residing in Portsmouth; that her husband was sick in Massachusetts, and that, being without means of support, she decided to go to him, and so notified Connell; that having packed her goods, Connell came to her house, and in a threatening and abusive manner forbade her moving until he was paid what was due him. He then went away, but soon returned with the sheriff and a writ of attachment, and took possession of the property. While both defendants were present, the plaintiff repeatedly demanded of them that they return the property to her, saying that it consisted of her wearing apparel and such goods as were necessary for her to keep house with, that they were acting illegally in attaching and withholding it from her, and that she could not leave without it. To these demands the sheriff replied that he was not supposed to know anything; and Connell's reply was that she could not have a thing—that she could not leave without he first had his money.

The attachment was made upon all of the plaintiff's property, excepting the wrapper she had on and her old skirt, on a bitter cold day in winter; and as a result of the exposure to which she was subjected, she caught cold, was made sick, and suffered mental and physical injury. Just after the attachment was made the plaintiff's attorney told the sheriff that he had no right to attach the property, and upon being asked why he did it, answered that he had a bond,—to see Connell or his lawyer. The sheriff took and retained possession of the property for several days, and until after the plaintiff had left for Massachusetts, although he knew, or ought to have known, that it was not subject to attachment.

These facts, if established by the evidence, as they must have been found to be if the jury believed the testimony, tended to

show that the sheriff, as well as Connell, was guilty of a malicious abuse of process, in an attempt to coerce the payment of a debt.

2. The illegal attachment was a trespass; and being done maliciously, the plaintiff is entitled to full compensation for all injuries sustained, mental as well as material. *Kimball* v. *Holmes*, 60 N. H. 163, 164; *Friel* v. *Plumer*, 69 N. H. 498. The objection to the evidence showing consequential damages is therefore without merit.

3. The first five requests for instructions are based upon the ground that there was no evidence to sustain certain contentions of the plaintiff. They are not true in fact and were properly denied, for there was evidence that the attachment was illegal (the property being exempt from attachment), that it was made with the purpose of preventing the plaintiff from taking the property with her, and to coerce the payment of a debt, under circumstances such that a jury could reasonably find that it might have been foreseen as a natural and probable consequence that she would be mentally distressed, subjected to a nervous chill, exposed to the inclement condition of the weather, and made sick; and it was for the jury to say whether the defendants' conduct was the proximate cause of her injury. *Boothby* v. *Railway*, 66 N. H. 342, 344.

4. The sixth request is also without merit, and was properly denied. The answer of the sheriff, that he had a bond, was a proper subject for consideration by the jury as connecting Connell with the unlawful transaction; and being made in reply to an accusation of wrongdoing, was evidence from which it could be found that he proposed to carry out Connell's wishes, even if he had no right to do so.

5. The exception to the exclusion of certain evidence offered by the defendants is not insisted upon and is not considered.

*Exceptions overruled.*

All concurred.